Ridgewood Playhouse Company, complainant-appellant,

*v.*

Fidelity Title and Mortgage Guaranty Company and Founders Securities Company et al., defendants-respondents.

[Argued May 17th, 1933. Decided September 27th, 1933.]

*Mr. Samuel W. Boardman, Jr.,* for the complainant-appellant.

*Mr. William Harris,* for the defendants-respondents.

PER CURIAM.

This is an appeal from a decree in chancery, entered on the advice of Vice-Chancellor Berry, dismissing the bill of complaint. The bill was preceded by, and in a sense was a development from, a foreclosure proceeding wherein the complainant's property was foreclosed under a mortgage held by the Fidelity Title and Mortgage Guaranty Company, and the objective of the present proceeding is to give effect to an alleged oral contract said by complainant to have been entered into shortly before the sheriff's sale under the foreclosure. The contention is that on or about November 3d, 1930, preceding the sheriff's sale which was scheduled for and was actually held on November 26th, 1930, it was orally agreed by and between the following mentioned parties that the Fidelity company would purchase at the foreclosure sale and would then sell and convey to one Freestone or to Freestone's corporation, Lochada Security Company, that Freestone or the corporation would buy, at a certain price, and

that from the proceeds $1,881.12 would be paid in cash to complainant and $12,000 would be applied to an indemnification of complainant against obligation to return to a tenant a rent deposit in that amount—virtually a payment of $13,881.12 to complainant or in its behalf; that the oral agreement was to be reduced to writing and executed, but was never executed; and that Fidelity did buy the property at the sheriff's sale and forthwith resold, not to Freestone or his corporation, but to Founders Securities Company, a corporation which, it is claimed, is as one with the Fidelity and therefore holds the property in trust for the benefit of complainant. The bill is in effect for specific performance of the alleged oral agreement and, as incidental thereto, to have the holding by Founders declared to be a constructive trust for the benefit of the complainant because of a conspiracy said to have existed between Fidelity and Founders.

The issue went to hearing, at the close of which the vice-chancellor made various findings of fact, amongst them these: complainant did not meet the burden of proving the alleged relationship between Fidelity and Founders; the events of November 3d were merely negotiations looking toward an agreement in writing that was never consummated; Fidelity did not agree to become a party to such a written agreement; no inducement was held out to any of the parties to stay away from the sheriff's sale and anyone, including, of course, each of the parties to the suit, could have gone there, had he so desired, and made a bid; and that neither the complainant nor anyone else objected to the confirmation or took other steps to stop the progress of events. Upon the basis of that factual finding the vice-chancellor concluded that a decree for specific performance should not go, that no trust should be impressed on the lands and that complainant might not collaterally attack the decree made against it in the foreclosure suit. We find that the proofs sustain the vice-chancellor's conclusions of fact. That being so, the correctness of his conclusions of law is apparent. There was no agreement to be enforced and no transaction or combination of circumstances upon which a trust could be impressed.

An incident worthy of note is that Fidelity and Founders, at the hearing, offered to return the property to complainant conditioned only upon reimbursement for proper and reasonable outlays and that that offer was refused. The price bid by Fidelity at the foreclosure sale was nominal, but the time for bringing action for the deficiency has expired without suit instituted and complainant is not in jeopardy therefrom. Clearly, complainant does not want the property at the cost of paying the just charges. It seeks the equivalent of a money judgment to which it is not entitled.

Complainant produced no grounds for equitable relief. Its bill was properly dismissed, and costs were justly laid against it. The decree appealed from is affirmed.

*For affirmance*—TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, DEAR, WELLS, DILL, JJ. 11.

*For reversal*—None.